IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

GLENN EDWARD SMITH,

                    Plaintiff

      VS.

BILL MASSEE, *et al.*,

                    Defendants

NO. 5:06-CV-21 (CAR)

**PROCEEDINGS UNDER 42 U.S.C. §1983**
**BEFORE THE U. S. MAGISTRATE JUDGE**

# RECOMMENDATION

Before the court is defendant BILL MASSEE'S motion seeking summary judgment against plaintiff GLENN EDWARD SMITH in the above-styled case. Tab #33. On July 27, 2006, the undersigned notified the plaintiff that a motion for summary judgment had been filed against him and ordered him to file a response to that motion within thirty days of that order. Tab #34. On August 16, 2006, the court granted the plaintiff's motion for extension of time fo file a response to defendant Massee's motion. Tab #36. However, the plaintiff's only response to the defendant's motion is a one page statement of disputed facts. Tab #45. Even though the plaintiff has failed to adequately respond to the defendant's motion, it is still the obligation of the court to ensure that the standards for summary judgment are met.

**SUMMARY JUDGMENT STANDARD**

As previously indicated to the plaintiff in the court's notice (Tab #34), Rule 56(c) of the Federal Rules of Civil Procedure dealing with motions for summary judgment provides as follows:

> *The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.*

Summary judgment can only be granted if there are <u>no</u> genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); ***Warrior Tombigbee Transportation Co. v. M/V Nan Fung***, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment <u>cannot</u> <u>rest</u> <u>on</u> <u>his</u> <u>pleadings</u> to present an issue of fact but <u>must</u> <u>make</u> <u>a</u> <u>response</u> to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts which exist in the case which must be presented to a jury for resolution. ***See Van T. Junkins & Assoc. v. U.S. Industries, Inc.***, 736 F.2d 656, 658 (11th Cir.1984).

**DISCUSSION**

Plaintiff SMITH has failed to adequately respond to defendant's motion for summary judgment, filing only a one page document with no supporting evidence. Accordingly, based upon the defendants' motion and the other records provided, this court finds the facts as set forth by the defendants in defendant's motion (Tab #33) and supporting documentation and further finds that there is no genuine dispute on any issues raised by plaintiff SMITH.

The plaintiff alleges that defendant Massee acted with deliberate indifference to the plaintiff's serious medical needs in violation of the Eighth Amendment. The plaintiff's claim arises from the plaintiff's slipping on ice and injuring himself while working in the kitchen freezer at the jail where he was incarcerated.

The plaintiff's claims of deliberate indifference are not substantiated by the evidence in the record. Defendant Massee has submitted a brief and an affidavit demonstrating that he had no personal dealings with the plaintiff before, during, or after the plaintiff slipped. Affidavit of Bill Massee at ¶5. Since claims brought under §1983 do not recognize liability based on the theory of *responeat superior*, the plaintiff does not set forth any set of facts under which defendant Massee can be held liable for injuries sustained by plaintiff Smith, if any.

There is also no evidence in the record to suggest that the plaintiff was subjected to any medical treatment that was less than adequate as a result of his accident or that, even if the treatment had been constitutionally deficient, defendant Massee was in any way responsible for the inadequacy of such treatment. The evidence shows that the plaintiff's constitutional rights were not violated by the defendant Masseee. Therefore, no deprivation of plaintiff's rights under 42 U.S.C. §1983 has been established. Since there was no violation of a clearly established federal right, defendant Massee is also entitled to qualified immunity.

Accordingly, IT IS RECOMMENDED that defendant Massee's MOTION FOR SUMMARY JUDGMENT (Tab #33) be GRANTED.[1] Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof. The clerk is directed to serve the plaintiff with a copy of this recommendation by mailing it to the **LAST ADDRESS** provided by him.

SO RECOMMENDED this 16th day of FEBRUARY, 2007.



                                          CLAUDE W. HICKS, JR.
                                          UNITED STATES MAGISTRATE JUDGE

---

[1] Defendant Massee's brief cites numerous other defenses, some of which may have merit; however, since the undersigned is recommending dismissal on the merits of the plaintiff's claim, there is no need to evaluate Massee's other defenses.